UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH GUILLEBEAU,

        Plaintiff,

  vs.

Judge BAMATTRE-MANOUKIAN,
Judge J. MIHARA, Judge J. McADAMS,
and Chief Judge GEORGE,

        Defendants.

No. C 07-4284 PJH (PR)

**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**

    This is a civil rights action filed pro se by a state prisoner. The court notified plaintiff that his application for leave to proceed in forma pauperis ("IFP") was deficient in that it did not include page five of the court's form, a "Certificate of Funds in Inmate Account" to be signed by an official of the institution, nor did it include the printout of plaintiff's trust account transactions for the six months preceding his filing the complaint, as required by 28 U.S.C. § 1915(a)(2). A copy of the court's form for applications to proceed in forma pauperis was provided with the notice, along with a return envelope. Plaintiff was informed that if he did not either pay the fee or remedy the deficiencies of his IFP application within thirty days the case would be dismissed.

    Plaintiff has filed another application, but still has not filed the printout of transactions that is required by statute. The case will be dismissed without prejudice.

    The court notes that plaintiff had a previous case before this court, C 07-3287 PJH(PR), with the same defendants as this case and based on the same facts. That complaint was dismissed for failure to state a claim because the judicial defendants were absolutely immune from claims for damages and because, as to his injunctive relief claims,

plaintiff did not base his claims on violation of a declaratory decree, or allege that declaratory relief was not available.  *See* 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer unless declaratory decree was violated or declaratory relief was unavailable).  In the complaint in this case plaintiff emphasizes that he is asking for injunctive relief, but still does not allege that the defendants' actions were in violation of a declaratory decree or that declaratory relief was not available – that is, he may be attempting to avoid the problem that caused his previous case to be dismissed, but has not successfully done so.  In light of this, affording him an additional opportunity to remedy the IFP deficiency, when he already has failed to do so once, would be futile.

Leave to proceed IFP is **DENIED**.  This case is **DISMISSED** without prejudice.  The clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  October 2, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\GUILLEBEAU287.DSM